# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| [1] MALORI SORIA, on Behalf of Herself and all others Similarly Situated,<br><br>                    Plaintiff,<br>          vs.<br><br>[1] SAMSUNG ELECTRONICS AMERICA, INC., AND<br>[2] SAMSUNG ELECTRONICS CO., LTD.<br><br>                    Defendants. | **COMPLAINT-CLASS ACTION**<br><br><br>Case No.:<br><br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Malori Soria ("Plaintiff" or "Soria"), by her attorneys, on behalf of herself and the Class set forth below, allege the following upon information and belief, except for those certain allegations that pertain to Plaintiff, which are based on Plaintiff's personal knowledge:

## NATURE OF THE ACTION

1.      This action relates to certain defective Samsung home washing machines which have an inherently dangerous defect—they "explode" or suffer catastrophic failure during a given machine's normal usage because of a design defect and/or manufacturing flaw.

2.      On or about October 3, 2015, Soria purchased one of the aforementioned Samsung washing machines subject to recall from Lowes Companies, Inc.'s "big box" store in Leesville, Louisiana.

3.    On November 4, 2016, Samsung began a recall (Recall number: 17-028) of thirty-four (34) distinct models (the "Recalled Washing Machines"), all being models of Samsung top-load washing machines, including the model purchased by Soria as is set forth above. A listing of the model numbers for the Recalled Washing Machines is attached hereto as Exhibit 1. The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact." The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the washing machine chassis. There are nine related reports of injuries, including a broken jaw, injured shoulder, and other impact or fall-related injuries." *See*, https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines.

4.    The remedies provided in Samsung's recall bulletin allow consumers the option of any one of the following: (i) an in-home repair that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (ii) a rebate to be applied towards the purchase of a new Samsung or other brand washing machine, along with free installation of the new unit and removal of old unit; or (iii) a full refund for consumers who purchased their washing machine within the past 30 days of the recall announcement. See, *id*. In Soria'scircumstance, the third option was unavailable because of the passage of time; and the second option, a rebate, would have only provided a fraction of the cost it would take to replace the defective Samsung washing machine. Thus, Soria initially attempted to obtain the "in-home repair that includes reinforcement of the washer's top." However, despite more than fifteen (15)

attempts at scheduling the in-home modification of her Samsung washing machine, Soria was unable to succeed in having Samsung send a repairperson out to perform the reinforcement measures on the washing machine. As a result, the appearance was created that Samsung was intentionally withholding repair of Soria's Samsung washing machine so that she would be forced to use the rebate or to purchase another Samsung washing machine, thereby creating business for Samsung and saving Samsung the costs of the reinforcement measures.

5.    Soria brings this action on behalf of herself and other purchasers of the Recalled Washing Machines sold to consumers in the United States, its possessions, or territories from March 2011 to November 2016. Soria seeks relief in the form of (i) an injunction enjoining Samsung from any further sales of the Recalled Washing Machines, and to take such other remedial action as may be otherwise requested herein; and (ii) money damages to adequately and reasonably compensate owners of the Recalled Washing Machines who have through no fault of their own purchased defective and dangerous Samsung washing machines.

## PARTIES

6.    Plaintiff Malori Soria is a citizen of the State of Louisiana, and is a resident of this District in Fort Polk, Louisiana.

7.    Defendant Samsung Electronics Co., Ltd. is a South Korean corporation located in Seoul, South Korea. On information, and belief, Samsung Electronics Co., Ltd. designs, manufactures, and distributes the Recalled Washing Machines as described herein for sale in this District. At all times relevant hereto, Samsung Electronics Co., Ltd.

was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District. Thus, Samsung Electronics Co., Ltd. purposely directed its conduct toward this District and at all times relevant engaged in a continuous course of business in this District by selling thousands of its washing machines and other consumer goods in this District every year.

8.     Defendant Samsung Electronics America, Inc. is a New York corporation that is a wholly-owned subsidiary of Samsung Electronics Co., Ltd., with its headquarters in Ridgefield Park, New Jersey. Samsung Electronics America, Inc. is the warrantor of the products designed, manufactured, and distributed by Samsung Electronics Co., Ltd., and acts as Samsung Electronics Co., Ltd.'s agent in the processing of warranty claims related to defects in the manufacturing or materials used by Samsung Electronics Co., Ltd. during the manufacturing process. At all times relevant hereto, Samsung Electronics America, Inc. was in the business of distributing, marketing, promoting, and selling the Recalled Washing Machines described herein throughout the United States and in this District. Samsung Electronics America, Inc. resides in and engages in a continuous course of business in this District, and based upon information and belief sells thousands of washing machines and other consumer goods in this District on an annual basis. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. are referred to collectively herein as "Samsung."

## JURISDICTION AND VENUE

9.     This Court has original jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2). The claims of the Class members in this class action are in excess of $5,000,000 in the aggregate, exclusive of interest and costs, and the total number of members of the proposed Class is believed to be greater than 100.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Soria reside in this District, and the Defendants are subject to jurisdiction here and regularly conduct business in this District.

## FACTUAL ALLEGATIONS

11.     In October 2015, Plaintiff Soria purchased one of the Samsung's Recalled Washing Machines from a Lowes store in Leesville, Louisiana.

12.     On November 4, 2016, Samsung announced a "recall involve[ing] 34 models of Samsung top-load washing machines. The Recalled Washing Machines have mid-controls or rear-controls. [The model numbers and serial information can be found on two labels affixed to the back of the machine." https://www.cpsc.gov/recalls/2017/samsung-recalls-top-load-washing-machines.     The Recalled Washing Machines are detailed by model number on Exhibit A hereto. The stated reason for the recall is that "[t]he [Samsung] washing machine top can unexpectedly detach from the washing machine chassis during use, posing a risk of injury from impact." The recall bulletin further notes that "Samsung has received 733 reports of washing machines experiencing excessive vibration or the top detaching from the

washing machine chassis. There are nine related reports of injuries, including a broken jaw, injured shoulder, and other impact or fall-related injuries." See, *id*.

13.    Soria purchased his Samsung washing machine new, and it was in excellent condition and without any perceivable damage or defect. Moreover, Soria has used this Samsung washing machine solely for its intended purpose as a personal home appliance. Soria had operated her Samsung washing machine with minimal problems or malfunctions prior to the recall.

14.    Samsung's recall allows owners of Recalled Washing Machines the option of any one of the following: (i) an in-home repair that includes reinforcement of the washer's top and a free one-year extension of the manufacturer's warranty; (ii) a rebate to be applied towards the purchase of a new Samsung or other brand washing machine, along with free installation of the new unit and removal of old unit; or (iii) a full refund for consumers who purchased their washing machine within the past 30 days of the recall announcement. See, *id*. In Soria's circumstance, the third option was unavailable because of the passage of time; and the second option, a rebate, would have provided Soria only a fraction of her original purchase price of her defective Samsung washing machine, or even less of the purchase price of a similar model from another manufacturer. Thus, Soria initially attempted to obtain the "in-home repair that includes reinforcement of the washer's top." Soria attempted to schedule the in-home reinforcement measures. After contacting Samsung more than fifteen (15) times, she was informed that Samsung was refusing or unable to perform the repair. On information and belief, Samsung has not

been able to timely make the in-home modifications described in Samsung's November 4, 2016 recall notice as to the Recalled Washing Machines generally.

15.    After learning of Samsung's recall of the Recalled Washing Machines, Soria was not able to use her Samsung washing machine as intended because of the danger posed from potentially having her washing machine "explode" during normal use. In addition to being without a working washing machine since November 2016, Soria has spent countless hours on the phone with Samsung attempting to have her defective washing machine repaired or replaced.

<u>**THE RECALLED WASHING MACHINES**</u>

16.    The Recalled Washing Machines at issue in this action all have high-speed "direct-drive" mechanisms that spin the washer tub at speeds of approximately 1100 revolutions per minute. The framing and dampening system of the Recalled Washing Machines is inadequate to withstand the force generated by each such machine's direct drive system.

17.    The models of Samsung's Recalled Washing Machines include the following:

```
WA40J3000AW/A2   WA45H7000AP/A2  WA45H7000AW/A2
WA45H7200AW/A2  WA45K7600AW/A2  WA45K7100AW/A2
WA48H7400AW/A2  WA48J7700AW/A2  WA48J7770AP/A2
WA48J7770AW/A2   WA50K8600AV/A2  WA50K8600AW/A2
WA52J8700AP/A2   WA52J8700AW/A2  WA400PJHDWR/AA
WA422PRHDWR/AAWA456DRHDSU/AAWA456DRHDWR/AA
WA476DSHASU/A1  WA476DSHAWR/A1WA484DSHASU/A1
WA484DSHAWR/A1 WA48H7400AP/A2  WA50F9A6DSW/A2
WA50F9A7DSP/A2   WA50F9A7DSW/A2 WA50F9A8DSP/A2
WA50F9A8DSW/A2  WA52J8060AW/A2  WA5451ANW/XAA
WA5471ABP/XAA    WA5471ABW/XAA  WA56H9000AP/A2
```

WA56H9000AW/A2

18.    The Recalled Washing Machines at issue here range in price from approximately $450.00 to $1500.00 and come with an express, one-year manufacturer's warranty.

19.    As explained above, this case involves Recalled Washing Machines that, in many instances, "explode." When the Recalled Washing Machines explode, they do so with such force that the machines are irreparably damaged. Indeed, the force of the explosion is capable of seriously injuring people and damaging property, rendering the Recalled Washing Machines unsafe for ordinary use. Because of the inherent safety risk, the recall now includes a "Home Label Kit" or stickers that state that "consumers should only use the delicate or waterproof cycles when washing bedding, water-resistant and bulky items. The lower spin speed in the delicate or waterproof cycles lessens the risk of the washing machine top unexpectedly detaching from the washing machine chassis." See, *id*. Even if a consumer is able to have Samsung "repair" their defective washing machine, they are still unable to use it for its intended purpose. Samsung advises consumers not to use the washing machines on heavy settings that would typically be used to wash bedding or heavier garments. In essence, Samsung has left consumers with the choice of using a defective product for the life of the product (regardless of whether the recall's reinforcement measures are applied or not), accepting a rebate that is well below the amount it costs to actually replace a defective machine, or simply doing without.

20.    The defects in the Recalled Washing Machines are latent defects respecting the design of the machines and/or the manufacturing process related to the Recalled Washing Machines and such defects would not reasonably be discoverable by consumers when purchasing any of the Recalled Washing Machines. These latent defects relate principally to the Recalled Washing Machines having structural and design defects in their framing and dampening systems which can cause the tubs to loosen and become projectiles over time. Such defects in the Recalled Washing Machines only manifest only after the point of sale and such manifestation often occurs outside of Samsung's express warranty period of one year.

21.    In selling the Recalled Washing Machines, Samsung provided a uniform, express one-year factory warranty against manufacturing defects in materials and workmanship. This express warranty further protects against defects in the tub for three years, as well as defects in the direct drive system for 10 years. The warranty for the Recalled Washing Machines is offered on a take-it-or-leave-it basis, and consumers are not afforded an opportunity to negotiate for more favorable terms in the warranty because of the parties' relative bargaining power. In addition to the express warranty described above, Samsung marketed, advertised, and warranted that the Recalled Washing Machines were of merchantable quality and fit for their intended purpose. Samsung further marketed, advertised, and warranted that the Recalled Washing Machines were free from defects and the Recalled Washing Machines did not pose an unreasonable risk to persons or property.

22.     Samsung knew that the Recalled Washing Machines were prone to explosion and, therefore, that the Recalled Washing Machines were inherently defective, unmerchantable and unfit for their intended use. Since as early as 2011, Samsung received high numbers of consumer complaints related to the Recalled Washing Machines for problems with their spin cycles, high vibrations, breaking springs, and even explosions related to the Recalled Washing Machines' spin cycles. Moreover, Samsung has known that the exploding Washing Machines in fact cause actual physical injury to consumers since no later than approximately October 24, 2013, when a woman in California was physically injured by a Samsung Washing Machine explosion, leading Samsung to inspect her washing machine on November 22, 2013.

## CLASS ALLEGATIONS

23.     Soria brings this suit as a class action on behalf of herself and on behalf of others similarly situated pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and/or 23(b)(3) (the "Class"). The proposed Class consists of:

> All residents of the United States and its territories or possessions who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

24.     Soria also brings this suit as a class action on behalf of the following subclass ("Louisiana State Subclass"):

> All residents of the State of Louisiana who purchased a new Recalled Washing Machine or otherwise acquired a Recalled Washing Machine from March 2011 to November 2016, primarily for household use and not for resale.

25.    Unless otherwise indicated, the Class and the Louisiana Subclass are referred to herein jointly as the "Class."

26.    The members of the Class are so numerous that joinder is impracticable. Samsung is one of the largest manufacturers of residential washing machines in the world and it sells many thousands of residential washing machines annually in the State of Louisiana through retailers such as Lowes, Home Depot, Best Buy and Sears.

27.    Soria's claims are typical of the claims of the entire Class because Soria purchased and now owns a new Recalled Washing Machine, which Soria purchased in October 2015 from a Lowes store in Leesville, Louisiana.

28.    Soria will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). Soria has no interests antagonistic to those of other Class members. Soria is committed to the vigorous prosecution of this action and have retained counsel experienced in litigation of this nature to represent them.

29.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

    a.    whether the Recalled Washing Machines pose unreasonable safety risks to consumers;

    b.    whether Samsung knew, or should have known, that the products it sold into the stream of commerce pose unreasonable safety risks to consumers;

c.      whether Samsung concealed the safety risks the Recalled Washing Machines pose to consumers;

d.      whether the safety risks the Recalled Washing Machines pose to consumers constitute material facts that reasonable purchasers would have considered in deciding whether to purchase a washing machine;

e.      whether the Recalled Washing Machines possess material defects;

f.      whether Samsung knew or should have known of the inherent defects in the Recalled Washing Machines when it placed them into the stream of commerce;

g.      whether Samsung concealed the defects from consumers;

h.      whether the existence of the defects are material facts reasonable purchasers would have considered in deciding whether to purchase a washing machine;

i.      whether the Recalled Washing Machines are merchantable;

j.      whether the Recalled Washing Machines are fit for their intended use;

k.      whether Samsung was unjustly enriched by the sale of defective Recalled Washing Machines to the Plaintiff class;

l.      whether any false warranties, misrepresentations, and material omissions by Samsung concerning its defective Recalled Washing Machines caused Class Members' injuries; and

m.      whether Samsung should be enjoined from further sales of the Recalled Washing Machines.

30.      Class certification under Federal Rule of Civil Procedure 23(b)(3) is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Soria knows of no

difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

31.     Class members have suffered and will suffer irreparable harm and damages as a result of Samsung's wrongful conduct.

## FIRST CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

32.     Soria re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

33.     The Recalled Washing Machines owned by Soria and Class Members were defectively designed and manufactured and pose serious and immediate safety risks to consumers and the public.

34.     These defects were present in such machines at the point of sale of the Recalled Washing Machines.

35.     Such defects place consumers and the public at serious risk for their own safety when the Recalled Washing Machines are used in consumers' homes.

36.     At all times relevant hereto, Samsung was under a duty imposed by law requiring that a manufacturer's and merchant's product be reasonably fit for the ordinary purposes for which the product is used, and that the product be acceptable in trade for the product description. This implied warranty of merchantability is part of the basis for the bargain between Samsung, on the one hand, and Soria and Class Members, on the other.

37.     Notwithstanding the aforementioned duty, at the time of delivery, Defendants breached the implied warranty of merchantability in that the Recalled

Washing Machines were defective and posed a serious safety risk at the time of sale, would not pass without objection, are not fit for the ordinary purposes for which such goods are used (safely washing clothes in a residential setting), and failed to conform to the standard performance of like products used in the trade.

38.     Defendants knew or should have known that the Recalled Washing Machines pose a safety risk and are defective and knew or should have known that selling the Recalled Washing Machines to Soria and Class Members constituted a breach of the implied warranty of merchantability.

39.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Soria and Class Members bought the Recalled Washing Machines without knowledge of their defects or their serious safety risks.

40.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Soria and Class Members purchased unsafe products which could not be used for their intended purpose including washing bedding, water-resistant items, and bulky items in a residential setting.

41.     As a direct and proximate result of Defendants' breach of the implied warranty of merchantability, Soria and Class Members have suffered damages and did not receive the benefit of their bargain.

42.     Defendants were unjustly enriched by keeping the profits for the unsafe products while never having to incur the cost of repair, replacement, retrofit, or a recall.

43.     The defectively designed Recalled Washing Machines purchased by Soria and all other Class Members are unfit for their intended and ordinary purposes because

they are prone to break and even explode when operated as instructed and intended by Samsung.

44.    As a direct and proximate result of Samsung's breach of the implied warranty of merchantability, Soria and all the Class Members have suffered loss.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY

45.    Soria re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

46.    Samsung is engaged in the business of designing, manufacturing, distributing, advertising, marketing, promoting, and/or selling home appliances, and did design, manufacture, distribute, advertise, market, promote and/or sell the Recalled Washing Machines at issue herein.

47.    Samsung's Washing Machines were expected to and did reach Soria and Class Members without substantial change in the condition in which they were manufactured, sold and distributed.

48.    The Recalled Washing Machines were in a defective and unreasonably dangerous condition when they left Samsung's possession or control in that, under normal conditions, usage and applications, they could not withstand the use for which they were intended.

49.    Soria and Class Members used the subject Washing Machines in a manner reasonably intended by Samsung.

50.     The Recalled Washing Machines were defective because they were not safe for ordinary and intended use; Samsung failed to provide Soria and Class Members either directly or indirectly, with adequate and sufficient warning regarding the known or foreseeable risks and dangers inherent in the Recalled Washing Machines; the Recalled Washing Machines contained material design, materials, and manufacturing defects and were not reasonably safe due to such defects; the design, methods of manufacture, and testing of the Recalled Washing Machines did not conform to generally recognized and prevailing standards or the state of the art in existence at the time the design was made and the Recalled Washing Machines were manufactured; and at the time the Recalled Washing Machines left Samsung's control, the foreseeable risks associated with the Recalled Washing Machines' design exceeded the benefits associated with that design.

51.     Soria and Class Members have suffered property damage and other incidental and consequential damages as a direct and proximate result of the defective condition.

52.     Samsung acted with malice, oppression and/or fraud, and in conscious and flagrant disregard of the safety of their consumers, by manufacturing and selling the Recalled Washing Machines known to them to be defective and unreasonably dangerous. As alleged, Samsung knew or should have known that the Defects would cause their washing machines to fail, flood, damage the Recalled Washing Machine and other property, and threaten the personal safety of consumers. Samsung knew or was repeatedly informed of the serious defects in the Recalled Washing Machines, yet failed to take any remedial action and instead continued to sell this defective product. Given

Samsung's conscious disregard for the safety of the public, Soria and Class Members seek exemplary or punitive damages.

## THIRD CAUSE OF ACTION
### NEGLIGENCE

53.     Soria re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

54.     Samsung owed a duty to Soria and Class Members to design, manufacture, produce, test, inspect, market, distribute, and sell the Recalled Washing Machines with reasonable care and in a workmanlike fashion, and had a duty to protect Soria and Class Members from foreseeable and unreasonable risk of harm. Samsung breached that duty by, among other things, defectively designing, manufacturing, testing, inspecting and distributing the Recalled Washing Machines.

55.     Samsung unreasonably failed to provide appropriate and adequate warnings and instructions about its defective Washing Machines, and this failure was a proximate cause of the harm for which damages are sought. In addition, at the time the Recalled Washing Machines left its control, Samsung knew, or in the exercise of reasonable care should have known, its defective Washing Machines posed a substantial risk of harm to the life and property of its customers. Samsung knew, or in the exercise of reasonable care should have known, the Recalled Washing Machines it designed, manufactured, produced, tested, inspected, marketed, distributed, and sold, created an unreasonable safety risk and would fail to perform as intended.

56.     Samsung acted unreasonably in designing the Recalled Washing Machines, and this conduct was a proximate cause of the harm for which damages are sought. Further, at the time the Recalled Washing Machines left the control of Samsung, it unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the Washing Machines. Furthermore, at the time the Recalled Washing Machines left the control of Samsung, their design was so defective that a reasonable person, aware of the relevant facts, would not use or purchase a Washing Machine of this design.

57.     Samsung knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines created unreasonable safety risks. Samsung further knew, or in the exercise of reasonable care should have known, that the Recalled Washing Machines could cause property damage, personal injury, and/or death.

58.     Based on this knowledge, Samsung had a duty to disclose to Soria and Class Members the serious safety risks posed by the Recalled Washing Machines and a duty to disclose the defective nature of the Recalled Washing Machines.

59.     Samsung had a further duty not to put the defective Washing Machines on the market and has a continuing duty to replace its unsafe Washing Machines, remove its unsafe Washing Machines from the market and seek a recall from consumers.

60.     Samsung failed to exercise reasonable care with respect to the design, manufacture, production, testing, inspection, marketing, distribution and sale of the

Recalled Washing Machines by, among other things, failing to design and manufacture the Recalled Washing Machines in a manner to ensure that, under normal intended usage, they would not pose unreasonable risk to life and property.

61.    Samsung failed to exercise reasonable care in failing to warn or to warn adequately and sufficiently, either directly or indirectly, Soria and Class Members of the Defects in the Recalled Washing Machines.

62.    Samsung failed to exercise reasonable care when it knew of the safety risks the Washing Machines posed and actively concealed those risks from Soria and Class Members.

63.    Samsung failed to exercise reasonable care when it knew of the safety risks the Recalled Washing Machines posed and failed to replace, repair or recall Washing Machines it knew were unsafe and defective.

64.    As a direct and proximate result of Samsung's negligence, Soria and Class Members bought the Recalled Washing Machines without knowledge of their defective nature or of their serious safety risks.

65.    As a direct and proximate result of Samsung's negligence, Soria and Class Members purchased unsafe products which could not be used for their intended use.

66.    As a direct and proximate result of Samsung's negligence, Soria and Class Members have suffered damages.

67.    Soria and Class Members seek to recover the damage caused by Samsung. In addition, given Samsung's conscious disregard for the safety of Soria and Class Members, they also seek an award of exemplary damages.

## FOURTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY

68.    Soria re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

69.    Samsung is and was at all times relevant a merchant with respect to washing machines.

70.    As set forth above, Samsung had knowledge of the defects alleged herein and that they pose serious safety risks to consumers like Soria and Class Members.

71.    Despite that knowledge, at all times relevant, Samsung expressly warranted in writing that its Washing Machines were "warranted by SAMSUNG against manufacturing defects in materials and workmanship."

72.    In its warranty to customers, Samsung also warrants in writing that it provides the following warranties: one year parts and labor; two years control board parts; three years stainless steel tub part; and ten years motor components.

73.    The Recalled Washing Machines have inadequate framing and dampening systems to withstand the extreme forces generated by the direct drive system that powers the machines' drums, often allowing the Recalled Washing Machines to fail by having the tub become disassembled from the frame during a machine's "explosion." Moreover, the unbalanced load warning is defective in that it fails to stop the Recalled Washing Machines' spin cycle before the machines explode.

74.    Alternatively, the limitations in Samsung's warranty are unconscionable as described herein.

75.    By selling Recalled Washing Machines containing these defects to consumers like Soria and Class Members after it gained knowledge of the defects, Samsung breached its express warranty to provide washing machines that were free from defects.

76.    Samsung also breached its express warranty to repair and correct material defects or component malfunctions in its Recalled Washing Machines when it failed to do so despite knowledge of the known defects and despite knowledge of alternative designs, alternative materials, and options for retrofits.

77.    The limited warranty of repair for the Recalled Washing Machines fails in its essential purpose because the contractual remedy is insufficient to make Soria and Class Members whole and because Samsung has refused to provide the promised remedies within a reasonable time.

78.    Also, as alleged in more detail herein, at the time Samsung warranted and sold the Recalled Washing Machines, it knew that the Recalled Washing Machines did not conform to the warranties and were inherently defective, and Samsung wrongfully and fraudulently misrepresented and concealed material facts regarding its Washing Machines.

79.    Accordingly, Soria and Class Members are not limited to the limited warranty of "repair" and Soria and Class Members seek all remedies allowed by law.

80.    As more fully detailed above, Samsung knew that Soria'swashing machine was susceptible to malfunction but failed to provide defect-free washing machines to

Soria or Class Members or to timely provide an adequate retrofit to remedy the Recalled Washing Machines.

81.     As more fully detailed above, Samsung was provided with notice and has been on notice of the defects and of its breach of express written warranties through its own internal and external testing as well as hundreds or thousands of consumer warranty claims reporting malfunctions in the Recalled Washing Machines, and customer complaints, yet it failed to repair, replace, or retrofit the Recalled Washing Machines to ensure they were free of materials defects or component malfunctions as Samsung promised.

82.     As a direct and proximate result of Samsung breach of its express warranty, Soria and Class Members have suffered damages.

83.     Samsung has been unjustly enriched by keeping the profits from the sale of its unsafe washing machines while never having to incur the cost of repair.

**FIFTH CAUSE OF ACTION**
**VIOLATIONS OF MAGNUSON-MOSS ACT**
**(15 U.S.C. §§ 2301-2312)–WRITTEN WARRANTY**

84.     Soria hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

85.     The Recalled Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

86.     Soria and Class Members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

87.    Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

88.    Samsung provided Soria and Class members with "written warranties," as that term is defined by 15 U.S.C. § 2301(6).

89.    In its capacity as warrantor, and by the conduct described herein, any attempts by Samsung to limit the express warranties in a manner that would exclude coverage of the Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the Recalled Washing Machines is null and void.

90.    All jurisdictional prerequisites have been satisfied.

91.    By Samsung's conduct as described herein, including Samsung's knowledge of the defective Washing Machines and their action, and inaction, in the face of that knowledge, Samsung has failed to comply with its obligations under its written and implied promises, warranties, and representations.

92.    As a result of Samsung's breach of express warranties, Soria and Class Members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SIXTH CAUSE OF ACTION
### VIOLATIONS OF MAGNUSON-MOSS ACT
### (15 U.S.C. § § 2301-2312)—IMPLIED WARRANTY

93.    Soria hereby incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as though set forth fully herein.

94.    Washing Machines are "consumer products," as that term is defined by 15 U.S.C. § 2301(1).

95.    Soria and Class members are "consumers," as that term is defined by 15 U.S.C. § 2301(3).

96.    Samsung is a "warrantor" and "supplier," as those terms are defined by 15 U.S.C. § 2301(4) and (5).

97.    Samsung provided Soria and Class Members with "implied warranties," as that term is defined by 15 U.S.C. § 2301(7).

98.    In its capacity as warrantor and by the conduct described herein, any attempt by Defendants to limit the implied warranties in a manner that would exclude coverage of the Recalled Washing Machines is unconscionable and any such effort to disclaim, or otherwise limit, liability for the Recalled Washing Machines is void.

99.    All jurisdictional prerequisites have been satisfied herein.

100.    By Defendants' conduct as described herein, including Defendants' knowledge of the defects contained within the Recalled Washing Machines and their action, and inaction, in the face of that knowledge, Defendants have failed to comply with its obligations under their written and implied promises, warranties, and representations.

101.    As a result of Defendants' breach of implied warranties, Soria and Class members are entitled to revoke their acceptance of the Recalled Washing Machines, obtain damages and equitable relief, and obtain attorneys' fees and costs pursuant to 15 U.S.C. § 2310.

## SEVENTH CAUSE OF ACTION
## UNJUST ENRICHMENT

102.    Soria re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

103.    Samsung and Lowes received proceeds from it's the sale of the defective Recalled Washing Machines, which were purchased by Soria and Class Members for an amount far greater than the reasonable value of such machines because of such machines' defective character.

104.    In exchange for the purchase price paid by Soria and Class Members, Samsung and Lowes provided the defective Recalled Washing Machines that are likely to fail within their useful lives and pose a material risk of "exploding." There is no reasonable or acceptable rate for washing machines to explode. Such defects render the Recalled Washing Machines unfit, and indeed, unsafe for their intended use.

105.    Soria and Class Members reasonably believed that the Recalled Washing Machines would function as advertised and warranted, and did not know, nor could have known, that the Recalled Washing Machines contained latent defects at the time of purchase.

106.    Samsung and Lowes know of and appreciate the benefit conferred by Soria and Class Members and has retained that benefit notwithstanding its knowledge that the benefit is unjust.

107.    Under the circumstances, permitting Samsung and Lowes to retain the proceeds and profits from the sales of the defective Washing Machines described herein

would be unjust. Hence, Samsung and Lowes should be required to disgorge this unjust enrichment.

## EIGHTH CAUSE OF ACTION
### VIOLATION OF STATE CONSUMER PROTECTION LAWS

108.    Soria re-allege and incorporate the preceding paragraphs as if fully set forth herein.

109.    Defendants' deceptive trade practices in, *inter alia*, misrepresenting the quality and character of the Recalled Washing Machines violate the following state consumer statutes:

a.    The Alabama Deceptive Trade Practices Act, Ala. Code §§ 8-19-5(2), (3), (5), (7), and (27), *et seq*.;

b.    The Alaska Unfair Trade Practices and Consumer Protection Act, Alaska Stat. §§ 45.50.471-45.50.561;

c.    The Arizona Consumer Fraud Act, A.R.S. § 44-1522;

d.    The Arkansas Deceptive Trade Practices Act, Ark. Code Ann. §§ 4-88-107(a)(1)(10) and 4-88-108(1)(2), *et seq*.;

e.    The California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, et seq., and the California Unfair Competition Law, Cal. Bus. and Prof. Code, § 17200, *et seq*.;

f.    The Colorado Consumer Protection Act, Col. Rev. Stat. Ann. §§ 6-1-105(1)(b), (c), (e) and (g), *et seq*.;

g.    The Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110(b), *et seq*.;

h.    The Delaware Consumer Fraud Act, Del. Code Ann. Title 6 § 2513, *et seq*.;

i.    The District of Columbia Consumer Protection Act, D.C. Code §§ 28-3904(a), (d), (e), (f) and (r), *et seq*.;

j.   The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204(1), *et seq.*;

k.   The Georgia Fair Business Practices Act, Ga. Code Ann. §§ 10-1-393(a) and (b)(2), (3), (5), and (7), *et seq.*;

l.   The Hawaii Deceptive Trade Practices Act, Haw. Rev. Stat. Ann. §§ 481A-3(a)(5), (7) and (12), et seq., and the Hawaii Consumer Protection Act, Haw. Rev. Stat. Ann. § 480-2(a), *et seq.*;

m.   The Idaho Consumer Protection Act, Idaho Code §§ 48-603(5), (7), (17) and (18), et seq., and Idaho Code § 48-603C, *et seq.*;

n.   The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2, et seq., and the Illinois Uniform Deceptive Trades Practices Act, 815 Ill. Stat. §§ 510/2(a)(5), (7) and (12), *et seq.*;

o.   The Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-3(a) and (b)(1) and (2), *et seq.*;

p.   The Iowa Consumer Fraud Act, I.C.A. §§ 714H.3 and 714H.5, *et seq.*;

q.   The Kansas Consumer Protection Act, Kan. Stat. §§ 50-626(a) and (b)(1)(A)(D) and (b)(3), *et seq.*;

r.   The Kentucky Consumer Protection Act, Ky. Rev. Stat. §§ 367.170(1) and (2), *et seq.*;

s.   The Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. 51:1405(A), *et seq.*;

t.   The Massachusetts Consumer Protection Act, Ma. Gen. Laws Ann. Ch. 93A § 2(a), *et seq.*;

u.   The Maine Uniform Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1212(1)(E) and (G), et seq., and the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 207, *et seq.*;

v.   The Maryland Consumer Protection Act, Md. Code Commercial Law, §§ 13-301(1) and (2)(i)-(ii), and (iv), (5)(i), and (9)(i), *et seq.*;

w.   The Michigan Consumer Protection Act, M.C.P.L.A. §§ 445.903(1)(c)(e), (s) and (cc), *et seq.*;

x. The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(5), (7) and (13), *et seq*., and the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, and Minn. Stat. § 8.31, subd. 3(a);

y. The Mississippi Consumer Protect Act, Miss. Code Ann. §§ 75-24-5(1), (2)(b), (c), (e), and (g), *et seq*.;

z. The Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.020(1), *et seq*.;

aa. The Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-103, *et seq*.;

bb. The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 591602, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302(a)(5) and (7), *et seq*.;

cc. The Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0915(5) and (7), *et seq*.;

dd. The New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. § 358-A:2(v) and (vii), *et seq*.;

ee. The New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, *et seq*.;

ff. The New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2(D)(5)(7) and (14) and 57-12-3, *et seq*.;

gg. The New York Business Law, N.Y. Gen. Bus. Law § 349(a);

hh. The North Carolina Unfair Trade Practices Act, N.C.G.S.A. § 75-1.1(a), *et seq*.;

ii. The North Dakota Unlawful Sales or Advertising Practices Act, N.D. Cent. Code § 51-15-02, *et seq*.;

jj. The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.02(A) and (B)(1) and (2), *et seq*.;

kk. The Oklahoma Consumer Protection Act, 15 O.S. §§ 753(5), (7) and (20), *et seq*.;

-28-

ll.  The Oregon Unfair Trade Practices Act, Or. Rev. Stat. §§ 646.608(1)(e)(g) and (u), *et seq.*;

mm.  The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-2(4)(v)(vii) and (xxi), and 201-3, *et seq.*;

nn.  The Rhode Island Deceptive Trade Practices Act, R.I. Gen. Laws §§ 6-13.1-1(6)(v), (vii), (xii), (xiii) and (xiv), *et seq.*;

oo.  The South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-20(a), *et seq.*;

pp.  The South Dakota Deceptive Trade Practices Act and Consumer Protection Act, S.D. Codified Laws § 37-24-6(1), *et seq.*;

qq.  The Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-104(a), (b)(2), (3), (5), and (7), *et seq.*;

rr.  The Texas Deceptive Trade Practices Consumer Protection Act, V.T.C.A., Bus. & C. §§ 17.46(a), (b)(5) and (7), *et seq.*;

ss.  The Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-4(1), (2)(a), (b), and (i) *et seq.*;

tt.  The Vermont Consumer Fraud Act, 9 V.S.A. § 2453(a), *et seq.*;

uu.  The Virgin Islands Consumer Protection Law, V.I. Code Ann. tit. 12A, § 101, *et seq.*;

vv.  The Virginia Consumer Protection Act, Va. Code Ann. §§ 59.1-200(A)(5)(6) and (14), *et seq.*;

ww.  The Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020, *et seq.*;

xx.  The West Virginia Consumer Credit and Protection Act, W.V.A. Code § 46A-6-104, *et seq.*; and

yy.  The Wyoming Consumer Protection Act, Wyo. Stat. Ann. §§ 40-12-105(a), (i), (iii) and (xv), *et seq.*

110. By this Cause of Action, Soria pleads on behalf of the Class violations of all the foregoing consumer and deceptive trade practice laws.

### NINTH CAUSE OF ACTION
**FRAUD**

111. Soria re-alleges and incorporates the preceding paragraphs as if fully set forth herein.

112. Upon discovering that their Samsung washing machine was subject to recall, Soria quickly contacted Samsung to repair their washing machine. Samsung represented in their recall notice that they would repair any Recalled Washing Machine free of charge to the consumers, including Soria.

113. On fifteen (15) different occasions, Soria contacted Samsung seeking to have her Samsung washing machine repaired, and on each of those occasions, yet Samsung refused to repair Soria's defective washing machine.

114. Upon information and belief, Samsung had no intention of keeping their representation that they would repair Soria'sdefective washing machine, as it is in Samsung's financial interest to force Soria and other members of the class to use Samsung's proffered rebate to purchase a new Samsung washing machine, or using Samsung's proffered rebate of a lesser amount to purchase another brand of washing machine as the cost of the rebate is, on information and belief, less expensive than the cost of repair to the Recalled Washing Machines.

115. At the time Samsung made the representation that they would repair their Recalled Washing Machines, they were fully aware of the cost savings they would

receive by "encouraging" owners of the Recalled Washing Machines, including Soria, to take the proffered rebate rather than having their existing washing machine repaired. As a result, Samsung intentionally made it difficult, if not impossible, for Soria and other members of the Class to obtain retrofits for their Samsung washing machines, all in the hope consumers would choose to accept the rebate option instead of a retrofit.

116.    In addition, Samsung knows that the retrofit is ineffective and once completed, does not make the consumer's product merchantable. In fact, even after the retrofit is completed, consumer's still cannot use their washing machine on certain settings, such as those settings that would be used to wash bedding or heavy garments.

117.    As a result of Samsung's fraud, Soria and the class are entitled to full compensation for the loss of their Samsung washing machine including time lost in seeking to have the Recalled Washing Machines repaired and time and money spent finding other means to wash their belongings while they waited for Samsung to repair their Recalled Washing Machines.

**WHEREFORE,** Soria individually and on behalf of the above defined Class, by and through counsel, pray the Court grant the following relief:

A.    An Order certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.    An Order appointing Soria as representatives for the Class and appointing his counsel as lead counsel for the Class;

C.    An order awarding Soria and all other Class Members damages in an amount to be determined at trial for the wrongful acts of Samsung described herein;

D.    An Order enjoining Samsung, their agents, successors, employees, and other representatives from engaging in or continuing to engage in the manufacture (in the case of Samsung), marketing, and sale of the defective Recalled Washing Machines; requiring Samsung to issue corrective actions including notification, recall, service bulletins, and fully-covered replacement parts and labor, or replacement of the Recalled Washing Machines; and requiring Samsung to preserve all evidence relevant to this lawsuit and notify Recalled Washing Machine owners with whom it comes in contact of the pendency of this and related litigation;

E.    Restitution as authorized by law;

F.    Payment to the Class of all damages associated with the replacement of the defective products and parts, in an amount to be proven at trial;

G.    An assessment of punitive damages, consistent with the actual harm Samsung has caused and the reprehensibility of its wanton and willful conduct, and the need to punish and deter such conduct;

H.    An order awarding attorney's fees pursuant to applicable Federal and State law;

I.    Interest as provided by law, including but not limited to pre judgment and post-judgment interest as provided by rule or statute; and

J.    Any and all other and further relief as this Court deems just, equitable, or proper.

DATED: January 25, 2017

*/s/ Stephen H. Kupperman*
Stephen H. Kupperman (Bar No. 7890)
**BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, LLC**
909 Poydras Street 24th Floor
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9928
skupperman@barrassousdin.com

**FEDERMAN & SHERWOOD**
William B. Federman
10205 North Pennsylvania
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com

*Attorneys for Plaintiff*